Duncan Palmatier (ISB#5956)
LAW OFFICE OF DUNCAN PALMATIER
124 North Howard Street
Moscow, Idaho 83843
Tel: (208)892-2962
Fax: (208)892-3853
e-mail: dpalm@dpalmlaw.com

Lawyer for Plaintiff,
Rex A. Summerfield

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| REX A. SUMMERFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>MARC WARNKE, and individual, DBA PACKGOATS.COM,<br><br>Defendant. | Case No.: 3:18-cv-460<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rex A. Summerfield (“Summerfield”) for his complaint against MARC WARNKE (“Warnke”), who does business as “PACKGOATS.COM”, alleges as follows:

**PARTIES**

1. Plaintiff Rex A. Summerfield is an individual residing in the County of Clearwater in the State of Idaho.
2. Defendant Marc Warnke is an individual residing in the City of Boise, County of Ada, in the State of Idaho.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under Title 35 of the United States Code, including 35 USC § 271(a). This court has jurisdiction over this federal claim pursuant to 28 USC §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant Marc Warnke because he is a resident of the State of Idaho and does business as "PACKGOATS.COM" in the State of Idaho, and because Plaintiff is suffering harm caused by Defendant's actions in this judicial District.

5. Venue is proper in this District under 28 USC §§ 1391(b)(1), (c) and § 1400(a) because Defendant resides in the District of Idaho as it is subject to personal jurisdiction in Idaho.

## INFRINGEMENT OF THE PLAINTIFF'S PATENT

6. Plaintiff Rex A. Summerfield is the inventor of the "Animal Pack Saddle" disclosed and claimed in United States Patent No. 6,530,195 ("Summerfield Patent"), issued on March 11, 2003. Plaintiff is the owner of the Summerfield Patent. A copy of the Summerfield Patent is attached as Exhibit A.

7. The Summerfield Patent claims, among other things, an animal pack saddle with a pivotally and adjustably mounted side board.

8. For example, claim 1 of the Summerfield Patent claims:

> An animal pack saddle comprising:
>
> at least two cross bucks, each cross buck having at least two downwardly splayed arms, each arm having a bottom end,
>
> at least two side boards, each side board being pivotally mounted on shafts located at the bottom ends of the arms,
>
> a plurality of bores at the bottom ends of the arms, said bores receiving the shafts and allowing the pivotally mounted side boards to be adjustably mounted on the arms.

9. Since 2001, Plaintiff has sold animal pack saddles ("Patented Products") according to the invention disclosed in the Summerfield Patent.

10. Plaintiff included notice of the Summerfield Patent with its Patented Products since at least 2001.

11. Defendant was aware of Plaintiff's Patent Product, since he purchased at least one Patented Product no later than March 2015.

12. Since at least early 2018, Defendant has made, used, offered to sell, and sold animal pack saddles ("Accused Product") that infringe one or more claims of the Summerfield Patent.

13. In a YouTube.com video (https://www.youtube.com/watch?v=L5UY7Qq7RxI), published on April 12, 2018, Defendant stated that he had been working on the Accused Product for more than two years.

14. An example of Defendant's Accused Product is the "Pack Goat Saddle (Cross Buck)" offered for sale by Defendant on his website, "PackGoats.com". A copy of the webpage offering the Accused Product is attached as Exhibit B.

15. The Accused Product has each of the elements and limitations recited in at least claim 1 of the Summerfield Patent.

16. More specifically, the Accused Product is an animal pack saddle having at least two cross bucks, each cross buck having at least two downwardly splayed arms, each arm having a bottom end.

17. In addition, the Accused Product has at least two side boards, each side board being pivotally mounted on shafts located at the bottom ends of the arms.

18. In addition, the Accused Product has a plurality of bores at the bottom ends of the arms, said bores receiving the shafts and allowing the pivotally mounted side boards to be adjustably mounted on the arms.

19. More specifically, Defendant's Accused Product has arms and each arm has more than

one bore at the bottom end of the arm, and the side boards can be pivotably and adjustably mounted to the arm on a shaft that may be received by more than one of the bores at the end of the arm.

20. On the PackGoats.com website and in videos posted on that website and elsewhere, Defendant states that he is the designer of the Accused Product.

21. The PackGoats.com website identifies Defendant as the operator of the business offering the Accused Product for sale. Attached as Exhibit C is a screenshot of the bottom of the PackGoats.com website showing Defendant as the sole operator of the business.

22. Based on the photographs and videos of the Accused Product posted on the internet, the Accused Product satisfied all the limitations of at least claim 1 of the Summerfield Patent, including the limitation that side boards could be pivotably and adjustably mounted to the arms at more than one of the plurality of bores on the arms.

23. On April 18, 2018, after Plaintiff became aware of Defendant's Accused Product, Plaintiff's lawyer sent a letter ("4/18/2018 Letter") to Defendant, along with a copy of the Summerfield Patent, giving Defendant notice that the Accused Product infringed one or more claims of the Summerfield Patent and demanding that Defendant cease infringement and compensate Plaintiff for Defendant's infringement. A copy of the 4/18/2018 Letter is attached as Exhibit D.

24. Defendant received the 4/18/2018 Letter, as indicated by an April 20, 2018 e-mail sent from Defendant to Plaintiff's lawyer. A copy of Defendant's April 20, 2018 e-mail is attached as Exhibit E and the responsive e-mail of Plaintiff's lawyer is attached as Exhibit F.

25. On May 4, 2018, Defendant's attorney responded to Plaintiff's claim of patent infringement by a letter dated May 5, 2018 ("5/4/2018 Response"), a copy of which is attached as Exhibit G.

26. The 5/4/2018 Response asserted that the Accused Product does not satisfy the limitation of claim 1, that "a plurality of bores...receiving the shafts and allowing the pivotally mounted side boards to be adjustably mounted on the arms", because the Accused "Product can only be mounted to the purported 'cross bars' [not recited in claim 1] at a single mounting point." (Bracketed text is Plaintiff's and underling is from the original.)

27. After receiving the 5/4/2018 Response, Plaintiff ordered an example of the Accused Product from Defendant.

28. The Accused Product ordered from Defendant is substantially similar, if not identical, to the Accused Product addressed in the 4/18/2018 Letter and described above, and, therefore, infringes one or more claims of the Summerfield Patent, as alleged.

29. Contrary to the assertion of Defendant's attorney in the 5/4/2018 Response, inspection of the Accused Product ordered from Defendant, which is substantially similar, if not identical, to the Accused Product described in the 4/18/2018 Letter, has "a plurality of bores at the bottom ends of the arms," and the side boards can be adjustably mounted to the arms at more than one of the "plurality of bores" on the arms of Defendant's Accused Product.

30. The 5/4/2018 Response was factually erroneous and did not refute Plaintiff's infringement claim.

**FIRST CLAIM FOR RELIEF**

**Infringement of the Summerfield Patent (35 USC § 271(a))**

31. Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs.

32. Plaintiff is the owner of all right, title and interest to the Summerfield Patent.

33. The Summerfield Patent is valid.

34. The Summerfield Patent is presumed valid under 35 USC § 282(a).

35. Defendant has made one or more products that infringe at least one claim of the Summerfield Patent.

36. Defendant has used one or more products that infringe at least one claim of the Summerfield Patent.

37. Defendant has offered to sell one or more products that infringe at least one claim of the Summerfield Patent.

38. Defendant has sold one or more products that infringe at least one claim of the Summerfield Patent.

39. Defendant's infringement of the Summerfield Patent is without the consent, permission or authority of Plaintiff.

40. Defendant's conduct constitutes infringement of the Summerfield Patent in violation of at least 35 USC § 271(a).

41. Since at least March 2015, Defendant has had notice of the Summerfield Patent.

42. From at least the time Defendant purchased Plaintiff's Patented Product, Defendant knew his actions constituted an unjustifiably high risk of infringement of Plaintiff's valid and enforceable Summerfield Patent.

43. On April 18, 2018 Plaintiff gave actual notice to Defendant that Defendant was infringing at least one claim of the Summerfield Patent.

44. Following notice of Plaintiff's infringement claim, Defendant continued to infringe the Summerfield Patent.

45. The 5/4/2018 Response from Defendant's attorney failed to provide a basis to overcome Defendant's knowledge that his actions constituted an unjustifiably high risk of infringement of Plaintiff's valid and enforceable Summerfield Patent.

46. Defendant's infringement of the Summerfield Patent was willful.

47. As a direct and proximate result of the infringements by Defendant, Plaintiff is entitled to actual damages, pursuant to 35 USC § 284, but in no event less than a reasonable

royalty.

48. The acts of infringement by Defendant have been willful, intentional and purposeful, in reckless disregard of and with indifference to the rights of Plaintiff and therefore Plaintiff is also entitled to an award of treble damages pursuant to 35 USC § 284.

49. Plaintiff is also entitled to a finding that this case is exceptional and an award of attorney fees pursuant to 35 USC § 285.

50. Plaintiff is also entitled to prejudgment interest on any damage award.

51. The conduct of Defendant is causing, and unless enjoined and restrained by this Court, will continue to cause irreparable injury that cannot be fully compensated by money and for which Plaintiff has no adequate remedy at law. Pursuant to 35 USC § 283, Plaintiff is entitled to injunctive relief prohibiting further infringements of the Summerfield Patent.

## PRAYER FOR RELIEF

52. Plaintiff Rex A. Summerfield therefore prays that the Court enter Judgment in his favor against Defendant Marc Warnke, who does business as PackGoats.com, granting the following relief:

a. Judgment that Defendant has infringed U.S. Patent No. 6,530,195;

b. An Injunction that Defendant, his business PackGoats.com, and all persons acting in concert, on behalf of, in joint venture, or in partnership with Defendant be enjoined from infringing U.S. Patent No. 6,530,195;

c. Compensatory damages pursuant to 35 USC § 284, but in no event less than a reasonable royalty;

d. A finding that Defendant’s infringement of U.S. Patent No. 6,530,195 has been willful;

e. An award of treble damages pursuant to 35 USC § 284;

f. A finding that this case is exceptional under 35 USC § 285 and an award of

Plaintiff's reasonable attorney fees;

g. Pre-judgment and post-judgment interest on the damages awarded;

h. In the event a permanent injunction against future acts of infringement is not granted by the Court, that Defendant be awarded a compulsory ongoing license fee;

i. Plaintiff's costs and disbursements incurred herein; and

j. such other and further relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff Rex A. Summerfield hereby requests trial by jury.

DATED: October 19, 2018

/Duncan Palmatier/
Duncan Palmatier

Law Office of Duncan Palmatier,
Lawyer for Plaintiff,
Rex A. Summerfield